**Martin LOPEZ, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 04–3212.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

Before RADER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Appellant Martin Lopez seeks review of a final order of the Merit Systems Protection Board (Board), which affirmed a negative suitability determination by the United States Department of Justice, Immigration and Naturalization Service (Agency or INS). *Martin v. Dep't of Justice*, SF–0731–03–0259–1–1 (MSPB Feb. 4, 2003). Because the Board's decision is supported by substantial evidence, this court *affirms*.

## BACKGROUND

Mr. Lopez applied to the INS for the service position of Border Patrol Agent Trainee (Trainee). After conducting a background investigation, the Agency issued a notice of unsuitability for employment based upon security and suitability concerns. The Agency issued a show cause letter dated November 1, 2002, that set forth a proposed finding of unsuitability based on two charges: (1) misconduct or negligence in employment, and (2) criminal or dishonest conduct.

The Agency's allegation as to the charge of misconduct or negligence in employment derived from Mr. Lopez's employment history with three different employers. INS alleged that Mr. Lopez was terminated from his security guard position at Clothestime in August 1999 for returning thirty minutes late from break, not monitoring the alarm station and not processing alarm information in a timely manner. Additionally, INS alleged that Mr. Lopez was reprimanded when employed with Ani Advance Network in 2001 for leaving his car with the motor running and bank deposits inside the car. Finally, INS considered his performance review at his position with the U.S. Guards, Company. The review stated that Mr. Lopez was often tardy and took breaks frequently.

In the second charge of dishonest conduct, INS alleged that Mr. Lopez was dishonest in response to questions regarding a survey. INS alleged that in August 2000, while employed as a security guard with the U.S. Guards, Company, Mr. Lopez reported to a superior that he had completed a survey form, which was untrue.

As to the criminal conduct charge, INS determined that Mr. Lopez was unsuitable based upon Mr. Lopez's arrest for driving under the influence (DUI), and other traffic charges. Mr. Lopez was arrested for DUI on February 28, 1999. He entered a no contest plea to a reduced charge of reckless driving and was sentenced to three years of summary probation and required to attend Alcoholics Anonymous meetings and alcohol awareness classes. Secondly, on October 25, 1999, Mr. Lopez was ticketed for speeding in a 40–MPH zone. On June 11, 2000, Mr. Lopez was charged with a traffic light violation. Finally, on March 1, 2001, he was charged with having a defective windshield.

The Agency issued a negative suitability determination dated January 17, 2003, in which the Agency withdrew its tentative offer of employment and found Mr. Lopez ineligible for the Trainee position. Mr. Lopez appealed the negative suitability determination.

Following a hearing, the Board affirmed the Agency's negative suitability determination in an initial decision dated October 7, 2003. As to the first charge, the Board considered Mr. Lopez's various explanations and suggested mitigations, but concluded that INS had proved by a preponderance of evidence from the employment history that Mr. Lopez had engaged in misconduct or negligence in employment. As to the dishonest conduct charge, the Board found that INS had not presented preponderant evidence that Mr. Lopez's actions constituted dishonest conduct. With regard to the criminal conduct charge, the Board considered several factors set forth in 5 C.F.R. § 731.202(c), including the recency of the misconduct, the presence or absence of rehabilitation, the applicant's age at the time and the nature of the position. Taking these factors into consideration, the Board found that INS had met its burden in proving that Mr. Lopez was not suitable for the Trainee position.

The Board denied Mr. Lopez's petition for review, thus making the initial decision of the Board the final decision. Mr. Lopez now appeals the Board's final determination to this court pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm any agency action, finding, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

In a suitability case, an applicant may be denied federal employment only when it will "protect the integrity or promote the efficiency of the service." 5 C.F.R. § 731.201 (2004). In determining whether an agency action will protect the integrity or promote the efficiency of the service, the agency may consider a number of factors for finding an individual unsuitable for employment. 5 C.F.R. § 731.202(c) (2004). Proper bases for a finding of unsuitability include "misconduct or negligence in employment" and "criminal or dishonest conduct." 5 C.F.R. §§ 731.202(b)(1), (2) (2004).

On appeal, Mr. Lopez argues that the Board did not take into account the testimony of his co-workers and his recent employment history. His co-workers testified on his behalf to refute charges regarding his alleged misconduct or negligence in his employment. Additionally, Mr. Lopez's recent employment history shows that he is in excellent standing.

▮ Here, the Board considered and specifically referred to the testimony of the witnesses attesting to Mr. Lopez's honesty, integrity, and work ethic, but found that the recommendations were outweighed by his employment history and conduct. The Board did not disbelieve Mr. Lopez's various explanations, but concluded that evidence from three different employers on three different jobs was preponderant evidence that Mr. Lopez engaged in misconduct or negligence in employment. This court agrees. There is substantial evidence to support the Board's finding that INS was able to prove the charge of misconduct or negligence in employment. Mr. Lopez's employment history revealed from three different employers that he was tardy, frequently took breaks, neglected to process alarm information, and left his motor running while bank deposits were inside his vehicle. Additionally, Mr. Lopez's recent excellent employment history is subsequent to the Agency's determination of suitability and thus not relevant.

▮ Furthermore, Mr. Lopez asserts that the Board failed to consider the true value of his traffic tickets, the fact that his traffic violations were dismissed, and the fact that he took corrective action regarding his criminal conduct. However, the Board did take into consideration his corrective actions and agreed with Mr. Lopez that his criminal conduct would have been more serious had he not resolved the violations upon his own initiative. Neverthe-less, the absence or presence of rehabilitation efforts is only one factor set forth in 5 C.F.R. § 731.202(c), and other factors such as recency of misconduct, appellant's age at the time of misconduct, and nature of employment must also be weighed and considered. Specifically, the Board considered that: (1) the appellant was in his early thirties when the four criminal events occurred, (2) the criminal events happened within three years before Mr. Lopez's application for the Trainee position, and (3) the position for which the appellant applied was a "badge and gun position in a highly visible law enforcement agency." These three factors were properly considered and weighed against Mr. Lopez's efforts toward rehabilitation.

Because the Board's determination that Mr. Lopez was not suitable for the Trainee position is supported by substantial evidence, this court affirms.